In re Frank E. TURNER, Debtor.

Michele Grady, Plaintiff,

v.

Frank E. Turner, Defendant.

Bankruptcy No. 98–55216.
Adversary No. 98–4893.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

April 6, 2000.

Martin L. Fried, Southfield, MI, for plaintiff.

Paul J. Randel, Southfield, MI, for defendant.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff seeks to have a debt allegedly owing her held nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6). The case came on for a bench trial at the conclusion of which the court reserved decision.

1. Section 523(a)(2)(A).

■ This section of the Bankruptcy Code provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or any extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The Sixth Circuit has succinctly presented the requirements which a creditor must meet in order to succeed in establishing a claim under § 523(a)(2)(A).

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *See Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir. 1993). In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Further, exceptions to discharge are to be strictly construed against the creditor. *See Manufacturer's Hanover Trust v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir. 1988).

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir.1998). In the present case, the debt in question consists of balances on several credit cards issued to plaintiff, but which plaintiff authorized defendant to use.

At the trial of this proceeding, testimony was taken almost entirely from the two parties, though plaintiff's mother testified briefly. While there was much in their respective testimony which was inconsistent, there were facts which were uncontroverted. We find the following facts. The parties first met in August, 1996. At that time, defendant was in a relationship with a woman named Val. When his relationship with Val ended, defendant called plaintiff in about September, 1996. They began seeing each other, and ultimately became engaged to be married in February, 1997. In January, 1997, plaintiff and defendant took a trip to Barbados. Plaintiff made the reservation. At that time, she gave the travel people an American Express credit card number that defendant gave her, but the card was unacceptable by the travel people. Plaintiff then used her own credit card to charge the trip. When the charge was billed, defendant paid it.

The American Express card that defendant had been using was one on which the primary obligor was Val. In April, 1997, plaintiff expressed unhappiness that defendant continued to have a bond with Val through the credit card. In addition, it is undisputed that at that time defendant owed money to Val. Plaintiff and defendant had a discussion in April, 1997, as a result

of which two things were to happen. Defendant was to discontinue use of Val's American Express card, and plaintiff made available to him for his use, her American Express card, her Chevy Chase Bank Visa card, her Bank of America Visa card, and her CitiBank MasterCard. There was credit available on the Visa cards and the MasterCard, and plaintiff said that these cards were made available to him so that he could pay off the debt he owed Val.

The record before us contains no information as to the amount that defendant owed Val. The record does contain copies of a number of checks written by defendant to Val or her credit card accounts. In addition, there was testimony that one or more of plaintiff's credit cards were used for the purpose of paying Val. In the discussion between the parties, it was plaintiff's own testimony that use of the cards other than to pay off Val was not discussed.

█ It is plaintiff's position here, as stated in the Joint Final Pre-trial Order, as well as in plaintiff's proposed findings of fact, that there was misrepresentation by defendant, for he solicited "permission to use her credit cards for one purpose while intending to use the credit for another purpose." The evidence presented to the court does not sustain this position. There is no evidence before the court that at the time that authorization to use plaintiff's cards was given to defendant that he would use the cards only to pay off Val, and not for any other purpose. There is no evidence before the court that defendant misrepresented to plaintiff how he would use the cards after authorization was extended to him to use them. We conclude therefore that plaintiff has failed to prove the first element required by the *Rembert* case, that there was a misrepresentation. The first count of the complaint is therefore dismissed.

2. Section 523(a)(6).

█ In the complaint in this proceeding, Count 2 is entitled Nondischargeabili-

ty Pursuant to 11 U.S.C. § 523(a)(6). Therein, plaintiff alleges that defendant's use of plaintiff's credit cards for his own personal purposes was unauthorized, and thereby defendant converted plaintiff's property, and this resulted in willful and malicious injury to plaintiff. In the proposed findings of fact and conclusions of law filed by plaintiff, no reference is made to a cause of action under § 523(a)(6), and we would be justified in assuming that plaintiff has abandoned that claim. Nevertheless, a few observations are in order in connection with this cause of action as alleged. In the Joint Final Pre-trial Order, it is stated that an issue of law to be litigated is "whether an action for 'conversion of credit' exists." An appropriate response to this question is that a claim for conversion of credit or anything else which results in willful and malicious injury to person or property within the requirements of the law pertinent to § 523(a)(6) can provide a basis for relief. For purposes of her § 523(a)(6) claim, plaintiff depends upon the same allegations of fact as in her count regarding § 523(a)(2)(A). It follows from the findings of fact we have made above that plaintiff has failed to prove that defendant converted plaintiff's credit, that is, used it without authorization. Moreover, it follows from *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), followed in *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455 (6th Cir.1999) that in order to prove a case under § 523(a)(6), there must be proof that defendant by his actions intended to injure plaintiff. There is no evidence before the court which would prove such an intent. Count 2 of the complaint is therefore dismissed.

So Ordered.